## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Christopher F. Scott, having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since 2002 and am currently assigned to the Bridgewater, Massachusetts, ATF Field Office. I have previously been assigned to ATF Field Offices in Fresno, California, and Norfolk, Virginia. As a Special Agent for ATF, I am authorized to investigate violations of United States laws and some of my duties include the investigation of firearms possession by prohibited persons and firearms and narcotics trafficking.

2. As an ATF Agent I have participated in and conducted dozens of investigations involving firearm trafficking, and firearms possession by persons, including felons, gang members, parolees, narcotics users and narcotics and firearms traffickers. I learned the methods that are most commonly used by unlawful firearms traffickers, and people dealing in firearms without a Federal Firearms License. I learned this through law enforcement training, participating in undercover purchases of firearms, surveillance of firearms traffickers, interviews of suspects, by participating in search warrants and title III electronic surveillances, and through analytical analysis of firearms trace data, newspaper classified advertisements, online web sites and forums in which firearms sales are facilitated. Based on my training and experience as an ATF Special Agent, I am familiar with the federal firearms laws.

3. This affidavit is being submitted in support of an application for a search warrant to search 48 Faxon Street, Newton, Massachusetts ("Subject Premises"), more particularly described in Attachment A, incorporated herein by reference. The purpose of this application is to request authority to search for and seize evidence, more particularly described in Attachment B, incorporated herein by reference, which contains evidence, fruits, contraband, and instrumentalities of criminal activity. I have probable cause to believe that evidence of a violation of 18 U.S.C. §922(g)(1), which makes it a federal offense for any individual who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition in or affecting interstate commerce, evidence of a violation of 18 USC § 924(a)(1)(A), which makes it a federal offense for any individual to cause false statements to be made in the records of a Federal Firearms Licensee ("FFL"), are

located in and within the Subject Premises.

4. I have personally participated in the investigation described below. This affidavit sets forth facts and evidence that are relevant to the requested search and seizure warrant, but does not set forth all of the facts and evidence that I have gathered during the course of the investigation of this matter. Rather, I have set forth only the facts that I believe are sufficient to establish probable cause to believe that evidence, fruits, and instrumentalities of the above-named violations, are located at the Subject Premises.

## PROBABLE CAUSE

5. On 4/2/18, Weymouth Police Detectives investigated a report of a theft of firearms from Weymouth Sportsmens Club ("Club"), a recreational firearms range and indoor/outdoor field sports facility. The Club's president reported that the Club stored some firearms within some lockers for training purposes so accredited instructors can utilize them during various firearms classes. Some firearms were noticed to be missing and an initial inspection revealed that 2 handguns and approximately 3 rifles were missing from these storage lockers. Club members and Weymouth Police Officers reviewed security camera footage and it was quickly determined that club member, Joseph Fee ("Fee"), had taken the firearms during two separate visits to the Club, namely, on 3/30/18 and 3/31/18. Fee was identified via video by another club member.

6. Weymouth Police Detectives set out to locate Fee and soon learned that Fee had checked himself into the Carney Hospital for drug detox on 3/31/18. Weymouth Detectives contacted Fee at the hospital and Fee confessed to taking the firearms. In an effort to recover the firearms, Fee provided detectives with the names of two people he provided the stolen firearms to. Fee was unable to provide a complete name for one of these people, saying he only knew him as "Frankie" who utilized phone number xxx-xxx-0831.[1] On 4/2/18, Weymouth Detectives contacted the other person identified by Fee and were able to recover 4 of the 5 stolen firearms.

7. Detectives also contacted "Frankie" via telephone and inquired about retrieving the final stolen firearm, a Smith & Wesson, .38 caliber revolver. "Frankie" provided his name to Detectives as Frank Saez, d/o/b: 4/12/73. In conversation with a Weymouth Detective,

---

[1] The phone number is known to authorities but is being redacted herein for safety reasons.

"Frank" asked the Detective to specifically describe the firearm they were looking for. "Frank" gave the impression that he had conducted other firearm transactions with Fee and wanted to make sure he understood which firearm they were inquiring about. "Frank" told the Detective that he knew who had the firearm and would need to purchase it back from this other person for $200. Detectives made arrangements via telephone for "Frank" to bring the firearm to the Weymouth Police Station on 4/2/18. However, "Frank" never arrived. Detectives were unable to identify anybody in the area with the provided name and date of birth.

8. The following day, 4/3/18, Detectives again made contact with "Frank" via telephone. They arranged to meet "Frank" at a CVS store in Waltham, Massachusetts, in order to retrieve the Smith & Wesson, .38 revolver, which was the final stolen firearm from the Club. Upon their arrival into the CVS parking lot, a Weymouth Detective received an inbound phone call from "Frank" who instructed them to drive to the rear of the parking lot and the revolver could be found in a McDonalds bag, in a snow bank, against the rear fence. The detective retrieved the bag and noted the Smith & Wesson, .38 caliber revolver, s/n D540550, was inside the bag. Believing that "Frank" was in the area watching them, detectives canvassed the parking lot and noted the license plate numbers of several vehicles. One vehicle in particular stood out from the rest because a Hispanic male having a goatee was slouched back in the driver's seat. Detective Galvin noted the license plate from this Grey Nissan Maxima vehicle as Massachusetts #5DW275.

9. On 4/3/18, Fee was arrested by Weymouth Police and charged with larceny of firearms. Once at the Weymouth Police Station, Fee was provided his *Miranda* rights and signed a form acknowledging those rights. Thereafter, during a recorded interview, Fee described "Frank" as a large scale drug dealer and believed his last name to be David. Fee said that "Frank" was Hispanic male, having a goatee. Fee told detectives that besides the .38 caliber Smith & Wesson that he took from the Weymouth Sportsmens Club, he had also purchased other firearms from area gun shops, and then provided those firearms to "Frank" as well. Fee described these firearms as follows:

- Four Seasons Gun Shop in Woburn, MA – Fee stated that "Frank" recently accompanied him to this Federal Firearms Licensee (FFL). Fee purchased a pink, .38 caliber revolver and after the purchase he gave the firearm to "Frank".

- Hunters Trading Post in Weymouth, MA – Fee stated that he recently purchased 2 rifles from this FFL, a HiPoint .380 caliber rifle and a .22 caliber Smith & Wesson rifle. He subsequently gave both of these firearms to "Frank".
- Dicks Sporting Goods in Dedham, MA – Fee stated that he recently purchased a 12 gauge, Mossberg shotgun from this FFL. After the purchase he gave the firearm to "Frank".

10. I conducted a review of Fee's recent firearms purchase history and determined that since 2/6/18, Fee has purchased 10 firearms from area FFL's. The following dates and purchases match what Fee described above. There are also firearms Fee purchased for which he provided no disposition.
    - 3/4/18 – Dick's Sporting Goods in Dedham, MA, Fee purchased a 12-gauge Mossberg shotgun, s/n MV0184871.
    - 3/10/18 – Hunters Trading Post in Weymouth, MA, Fee purchased a .22 caliber Smith & Wesson, M&P rifle, s/n DEX5677.
    - 3/28/18 – Four Season's Gun Shop in Woburn, MA, Fee purchased a .38 caliber Charter Arms, Pink Lady revolver s/n 16-22380.
    - 3/20/18 – Hunter's Trading Post in Weymouth, MA, Fee purchased a .380 caliber HiPoint rifle, s/n Y05801.

11. Video surveillance was obtained from Four Season's Gun Shop in Woburn, Massachusetts, from the date of 3/28/18. It is noted that during this purchase, Fee told Detectives that "Frank" accompanied him to the FFL. I reviewed the surveillance video and observed a male, approximately 40-45 years old, having a goatee, wearing a camouflage ball cap, a hooded sweatshirt, cargo pants, and dog tags hanging low around his neck, accompanying Fee during the purchase. The two arrived together and the other male and Fee were observed talking together as they examined firearms in the display case. Eventually Fee completed the firearm purchase and the two walked out of the FFL together. The male who accompanied Fee had a tribal tattoo on his right arm and an unrecognizable tattoo on his inner left forearm.

12. Video surveillance was also obtained from Bass Pro Shops in Foxboro, Massachusetts from 3/25/18. It was noted that despite this video footage being of a substantially lower quality, it appeared that Fee was followed inside this FFL by another male who was dressed similarly

4

to "Frank."  For example, this male wore a hooded sweatshirt, ball cap, and tan pants.  This male followed Fee to the gun counter area and something resembling dog tags hung low from his neck.  On this date, Fee purchased a 9mm Smith & Wesson pistol, s/n FZK7348.

13. Weymouth Detectives examined the FFL surveillance photos and determined that the male who accompanied Fee during the firearm purchase looked much the same as the male whom they previously observed slouched in the driver seat of the Nissan Maxima, Massachusetts vehicle with license plate #5DW275, on the date they went to meet "Frank" in Waltham, Massachusetts, to retrieve one of the stolen firearms.  It was subsequently determined that the Nissan Maxima was registered to Enterprise Rental Car.

14. Through investigation it was determined that the Nissan Maxima was rented by Lisa Nicolazzo, 258 Cherry Street, Newton, Massachusetts.  In researching tenants at 258 Cherry Street, and associates of Nicolazzo, it was learned that a man named Juan Francisco David ("DAVID"), d/o/b:  4/12/72, shared an address with her at 258 Cherry Street, Newton, Massachusetts.  I conducted a computerized criminal history check on Juan DAVID and found out that his mother's last name was Saez.  I obtained a Massachusetts Registry of Motor Vehicle ("RMV") photograph of DAVID and noted that it appeared to be the same person, "Frankie," who accompanied Fee during the firearm purchase on 3/28/18.  Weymouth Detectives also concurred with this finding.  It is also noted that when "Frankie" provided his name as Frank Saez to a Weymouth Detective, "Frankie" provided a d/o/b of 4/12/73, which is exactly 1 year off from DAVID's actual d/o/b: 4/12/72.  Additionally, I compared photographs of tattoos taken during prior arrests of DAVID and noted a tribal tattoo on his right arm and a flower tattoo on his inner left forearm.  These tattoos matched the location and appearance of tattoos captured during the FFL surveillance video of "Frankie" on 3/28/18.

15. I also contacted a Detective at the Suburban Middlesex Drug Task Force ("Task Force") who indicated that the task force was familiar with DAVID as they have received information over the years that he was a drug dealer who possessed firearms.  The detective further stated that the Task Force believed that DAVID no longer resided on Cherry Street, and that he has resided on Faxon Street in Newton for over a year.  With that, additional record checks were performed and an address of 46-48 Faxon Street was developed as the current address for Lisa Nicolazzo.  The detective also confirmed this as a current address for DAVID as well.

5

He further stated that during the summer of 2017, the Task Force received a report from a confidential informant ("CI") that he/she conducted a narcotics transaction with "Frankie" DAVID at that residence. Furthermore, this CI also reported that DAVID possessed two firearms inside the residence.

16. The Task Force Detective informed me that DAVID owns a white Dodge Ram pickup truck, with Massachusetts license plate # US798X, that currently remains parked in the driveway of 46-48 Faxon Street, which has not moved from that position in quite some time. The RMV records pertaining to that vehicle indicated that the registered owner is Juan DAVID at 258 Cherry St, Newton. The registration status is revoked.

17. The computerized criminal history report indicated that Juan DAVID, d/o/b: 4/12/72, has previously been convicted in Waltham District Court of Assault with a Dangerous Weapon and Malicious Destruction of Property and was sentenced to 1 year in jail with 5 months committed and the remainder suspended in that case. He has also been convicted in Waltham District Court of Possession of Class B, Possession of Class E, Possession of Class D, and Carrying a Dangerous Weapon and was sentenced to 1 year in jail with 4 months committed and remainder suspended. He has also been convicted of Breaking and Entering Nighttime with Intent to Commit a Felony and Carrying Dangerous Weapon, and sentenced to 18 months jail, 3 months committed and balance suspended. In 1990, DAVID was convicted of Distribution of Class B and sentenced to 18 months suspended sentence.

18. Based on my training and experience, I know that it is unlawful for someone who has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year to possess firearms. I also know that people who are prohibited from possessing firearms may often turn to "straw purchasers" (people who are not prohibited), to purchase firearms on their behalf.

19. On 4/6/18, I arrived at 46-48 Faxon Street in Newton, Massachusetts. Upon my arrival, I observed a new model grey Nissan Maxima in the driveway. This vehicle fit the description of the vehicle previously observed by Weymouth Detectives. However, I was unable to obtain a license plate number to confirm. I also observed a white Dodge Ram pickup truck parked in a parking area in front of 46-48 Faxon Street.

20. The premises of 46-48 Faxon Street is described as a tannish/gray two-family home having white trim, white gutters, and a gray composite shingled roof. Two front doors are visible, the left one marked with black numbers "46" and the right one marked with numbers "48." The town of Newton property assessor database lists the owner of the two family house as Lydia Nicolazzo Tr., 46 Faxon Street.

21. During the weekend of 4/7/18, Middlesex Drug Task Force Detectives performed surveillance and observed DAVID coming and going from the right side of the residence, 48 Faxon Street. They also observed him operating the gray Nissan Maxima, Massachusetts license plate #5DW275. On 4/6/18, the gray Nissan Maxima was observed parked on the street in front of the residence of 48 Faxon Street. During the morning of 4/7/18, DAVID was observed arriving at that residence driving the gray Nissan Maxima, Massachusetts license plate #5DW275. DAVID utilized a set of keys and entered through the right side door marked "48." Within 15 minutes, DAVID exited the same door wearing different clothes. Later that afternoon, DAVID again departed the residence, exiting from the door marked "48." Approximately 50 minutes later, DAVID returned carrying a tray of drinks and a McDonalds bag. Again he utilized a set of keys to open the door marked "48." DAVID parked the gray Nissan Maxima either on the street in front of the residence, or in the side driveway of 48 Faxon Street. At one point during the day he exited 48 Faxon Street and was observed wearing dog tags around his neck and a camouflage hat.

22. Based on my training and experience, I know that firearm traffickers, people who deal firearms without an FFL, straw purchasers, and people who unlawfully possess firearms, store and keep items and evidence on their person, in vehicles under their control, in their residence, in the residence under their control, or where they are temporarily staying. Based on my training and experience, I also know that firearm traffickers, or people who conduct unlawful firearms transactions, will often conduct transactions at their residence or in vehicles they use to travel in. I know that prohibited people, namely felons and street level drug dealers will also hide firearms, ammunition and evidence associated with their possession, in vehicles under their control, in their residence, in the residence under their control, where they are temporarily staying, or at drug stash houses.

23. Based on the above information, the undersigned believes there is probable cause for the issuance of a search warrant for the residence of Juan Francisco DAVID, located at 48 Faxon

Street, Newton, Massachusetts, including all outbuildings, appurtenant structures, and vehicles associated with that address, for the following items:

a. 12 gauge Mossberg shotgun, s/n MV0184871;
b. .22 caliber Smith & Wesson, M&P rifle, s/n DEX5677;
c. .38 caliber Charter Arms, Pink Lady revolver, s/n 16-22380;
d. .380 caliber HiPoint rifle, s/n Y05801;
e. 9mm Smith & Wesson pistol, s/n FZK7348;
f. Cellular phone having number xxx-xxx-0831;
g. Camouflage ball cap;
h. Pair of silver dog tags;
i. Other firearms and ammunition, gun cases, holsters, firearm packaging and boxes, photographs of firearms or of persons in possession of or dealing firearms, books, magazines and manuals regarding firearms, and receipts for the purchase and /or repair of all such items.  Acquisition and disposition information regarding the purchase and sale of firearms, firearms classified publications, firearm advertisements, bills of sale, and firearm inventory lists;  and
j. Indicia of control of the premises including records that establish the persons who have control, possession, custody, or dominion over the property and vehicles searched and from which evidence is seized, such as: personal mail, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, leases, mortgage bills, and vehicle registration.

## **CONCLUSION**

24. Based on the foregoing, I respectfully request that a search warrant be issued authorizing the ATF, with appropriate assistance from other law enforcement officers, to enter the Subject Premises, as described in Attachment A, and therein search for and seize the items set forth in Attachment B to this affidavit, which are evidence, fruits, contraband, and instrumentalities of the crimes outlined herein.

Sworn to under the penalties of perjury,

_____
Christopher F. Scott
ATF Special Agent



Subscribed and sworn to before me this 9th day of April, 2018.

_____
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

# ATTACHMENT A
## (48 Faxon Street, Newton, Massachusetts)
## DESCRIPTION OF PROPERTY TO BE SEARCHED

The premises to be searched is located at 48 Faxon Street which is one of two residential apartments located within the same building as depicted in the photograph below. The front of the residence has a set of brick steps which leads to a small front porch. The front of the house has two white storm doors side by side. The door to 48 Faxon Street is on the right as one faces the residence. The number "48" hangs to the right of the right side door, above a black mailbox. The driveway is to the right of 48 Faxon Street and an unattached single car garage is located to the rear of the property, at the end of a paved driveway.



# ATTACHMENT B
## (48 Faxon Street, Newton, Massachusetts)
## DESCRIPTION OF ITEMS AND PROPERTY TO BE SEIZED

a. 12 gauge Mossberg shotgun, s/n MV0184871;

b. .22 caliber Smith & Wesson, M&P rifle, s/n DEX5677;

c. .38 caliber Charter Arms, Pink Lady revolver, s/n 16-22380;

d. .380 caliber HiPoint rifle, s/n Y05801;

e. 9mm Smith & Wesson pistol, s/n FZK7348;

f. Cellular phone having number xxx-xxx-0831;

g. Camouflage ball cap;

h. Pair of silver dog tags;

i. Other firearms and ammunition, gun cases, holsters, firearm packaging and boxes, photographs of firearms or of persons in possession of or dealing firearms, books, magazines and manuals regarding firearms, and receipts for the purchase and /or repair of all such items. Acquisition and disposition information regarding the purchase and sale of firearms, firearms classified publications, firearm advertisements, bills of sale, and firearm inventory lists; and

j. Indicia of control of the premises including records that establish the persons who have control, possession, custody, or dominion over the property and vehicles searched and from which evidence is seized, such as: personal mail, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, leases, mortgage bills, and vehicle registration.